UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT BOYER** | ) | |
| | ) | **Case Number** |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL COMPLAINT** |
| | ) | |
| **BONDED CREDIT BUREAU,** | ) | |
| **INC. d/b/a DRS BONDED** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Robert Boyer, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

## I.  INTRODUCTORY STATEMENT

1.      Plaintiff, Robert Boyer, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.     Venue in this District is proper in that the Defendant transacts business in this District and Plaintiff resides in this District.

## III.  PARTIES

4.     Plaintiff, Robert Boyer, is an adult natural person residing at 165 Wenksville Road, Biglerville PA 17307.

5.     Defendant, Bonded Credit Bureau, Inc. d/b/a DRS Bonded ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 7745 East Kemper Road, Cincinnati OH 45249.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7.     On May 22, 2009, Plaintiff received a voicemail message from Defendant's agent, David in regards to an alleged consumer debt, namely a Pay Day Yes payday loan.

Case 3:02-at-06000   Document 608   Filed 06/11/2009   Page 3 of 8

8.     Plaintiff returned Defendant's call on May 22, 2009 and spoke to Defendant's agent, Missy who transferred Plaintiff to Defendant's agent, David.

9.     During this call, Plaintiff refused to pay the Defendant.

10.     In response, Defendant's agent, David asked if Plaintiff wanted to go to court.

11.     Plaintiff asked Defendant's agent, David if he was threatening lawsuit.

12.     Defendant's agent, David stated that court was the next step.

13.     Plaintiff stated that he did not believe Defendant's agent, David.

14.     Defendant's agent, David said he would tell "them" to file the paperwork necessary to go to court and that Plaintiff would then owe $800.00 versus $500.00.

15.     Defendant does not intend to sue Plaintiff in regards to the alleged debt, therefore the intentional deceptions on the part of the Defendant's agent is in violation of the FDCPA.

16.     To date, Plaintiff has not received the Validation Rights Notice, which the FDCPA requires to be communicated with the consumer within five (5) days of initial contact.

17.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

18.     The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

19.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.


## COUNT I – FDCPA

23.     The above paragraphs are hereby incorporated herein by reference.

24.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), d, d(2), e, e(2), e(5), e(10), f and g.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant, Bonded Credit Bureau, Inc. d/b/a DRS Bonded, for the following:

a.     Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b.     Actual damages;

c.     Statutory damages pursuant to 15 U.S.C. § 1692k;

d.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e.     Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

26.     Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

27.     The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

28.     The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

29.     The FCEUA proscribes, _inter alia_, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

30.     The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

31.     Violations of the FDCPA is a _per se_ violation of the FCEUA and the UTPCPL.

32.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

33.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a.      An Order declaring that Defendant violated the FCEUA;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorneys fees and expenses and costs of court; and

    e.      Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III

## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

34.     The foregoing paragraphs are incorporated herein by reference.

35.     Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

36.     The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

37.     The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

    a.      Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b.      Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c.      Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

38.     As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

39.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a.     An Order declaring that Defendant violated the UTPCPL;

b.     Actual damages;

c.     Treble damages;

d.     An award of reasonable attorney's fees and expenses and cost of suit; and

e.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date:  June 10, 2009          BY:          _/s/  Brent F. Vullings_
                                          Brent F. Vullings, Esquire
                                          Warren & Vullings, LLP
                                          1603 Rhawn Street
                                          Philadelphia, PA  19111
                                          215-745-9800   Fax 215-745-7880
                                          Attorney for Plaintiff